988 F.2d 128
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John M. HOLSTINE, Plaintiff-Appellee,
v.
PHARMACY AUTOMATION CONSULTANTS, INC., John D. Hamilton,
Clay D. Hamilton, Jr., Clay D. Hamilton, Sr., PRN
Pharmacy Systems, Inc., Bill Gardner and
Pyramid Technologies, Defendants,
and
Pharmacy Data Systems, Inc., Defendant-Appellant.
 No. 92-1475.
 United States Court of Appeals, Federal Circuit.
 Nov. 24, 1992.
 
 TRANSFERRED.
 ON MOTION
 FRIEDMAN, Senior Circuit Judge.
 
 ORDER
 
 1
 Pharmacy Data Systems, Inc. (Pharmacy) moves to remand to the United States District Court for the Eastern District of Arkansas or, in the alternative, suggests that this court lacks jurisdiction over this appeal. John Holstine opposes Pharmacy's motion for a remand and states that the appeal should be dismissed for lack of jurisdiction.
 
 
 2
 Pharmacy appeals from a judgment and order of permanent injunction entered by the district court.[1] Holstine states that this case involves only copyright infringement issues. On the basis of the documents submitted, it appears that Holstine is correct and that this court lacks jurisdiction over the appeal. 28 U.S.C. § 1295. Hence, the case should have been appealed to the United States Court of Appeals for the Eighth Circuit.[2]
 
 
 3
 Accordingly,
 
 IT IS ORDERED THAT:
 
 4
 Absent objection, this case will be transferred to the United States Court of Appeals for the Eighth Circuit within 14 days. See 28 U.S.C. § 1631.
 
 
 
 [1]
 On July 31, 1992, Pharmacy appealed to the United States Court of Appeals for the Eighth Circuit. Without explanation, on August 3, 1992, Pharmacy filed an "Amended Notice of Appeal" directing the appeal to this court
 
 
 [2]
 Because we lack jurisdiction over this appeal, we do not address the other issues raised by Pharmacy concerning the lack of a final judgment